

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**

**September 8, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 1:25 PM**

Tommy Thurmond )  Docket No.  2015-06-0240
)
v. )
)  State File No.  96769-2014
Yates Services )

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of September, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Tommy Thurmond | | | | | X | tommythurmond@yahoo.com |
| John R. Rucker, Jr. | | | | | X | jrucker@ruckerlaw.com |
| Robert Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

**FILED**

**September 8, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 1:25 PM**

| | | |
|---|---|---|
| Tommy Thurmond | ) | Docket No. 2015-06-0240 |
| | ) | |
| v. | ) | State File No. 96769-2014 |
| | ) | |
| Yates Services | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert Durham, Judge | ) | |

---

**Affirmed and Remanded—Filed September 8, 2015**

---

This interlocutory appeal involves an employee who alleges injuries to his neck and shoulders stemming from his work activities on an assembly line. The employer initially provided medical care but stopped doing so once the employee was placed at maximum medical improvement. The trial court determined that, although the employee was entitled to medical benefits, he was not entitled to temporary disability benefits or the payment of unauthorized medical expenses. The employee has appealed. We affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Tommy Thurmond, Nashville, Tennessee, employee-appellant, pro se

John R. Rucker, Murfreesboro, Tennessee, for the employer-appellee, Yates Services

1

**Factual and Procedural Background**

Tommy Thurmond ("Employee"), an employee of Yates Services ("Employer"), alleges injuries to his neck and shoulders as a result of performing overhead work on December 7, 2014, at Nissan's plant in Smyrna, Tennessee.[1] Upon being notified of the injury, Employer provided a panel of physicians, and Employee chose Comprehensive Health Services ("CHS"), Nissan's on-site medical clinic. He was evaluated at CHS on December 9, 2014, and was diagnosed with bilateral trapezius myalgias and a right shoulder strain. The attending nurse practitioner determined that these injuries were primarily related to the employment, placed Employee on work restrictions, and ordered physical therapy.

Employee participated in physical therapy through January 2015. Thereafter, the attending physician at CHS noted that Employee was "practically" at maximum medical improvement, released him to full-duty, and terminated his physical therapy. Employee subsequently returned to CHS where he saw a different physician who observed that Employee's trapezius strain had resolved and that his complaints of pain were related to osteoarthritis that was not work-related. Employee was again released to work without restrictions. He returned to work but alleges he was unable to perform his job as a result of complaints associated with his injuries. He voluntarily resigned his employment on February 20, 2015.

Employee continued to experience pain related to his work injury, and Employer provided a second panel of physicians. Employee chose Dr. Joseph Speake at Concentra, who diagnosed cervical and trapezius strains, prescribed medication, and recommended physical therapy. Dr. Speake eventually placed Employee at maximum medical improvement with no work restrictions, released him from his care, and instructed him to return to Concentra as needed. Later, after Employer declined to authorize additional visits with Dr. Speake, Employee sought treatment from Vanderbilt University Medical Center where the attending physician took him off work for two days and assigned work restrictions for two weeks. At a return visit to Vanderbilt, he was diagnosed with neck pain and discharged. He received bills for those two visits.

The trial court determined that, although Employee was entitled to additional medical care with Dr. Speake, he failed to establish that the emergency room treatment at Vanderbilt or the charges for that treatment were reasonable or necessary.[2] As a result, the trial court denied Employee's request for payment of those unauthorized bills. The

---

[1] No transcript of the expedited hearing or statement of the evidence has been filed. Thus, we have taken the factual background from the pleadings, exhibits introduced at the expedited hearing, and the trial court's order entered after the hearing.

[2] Employer has not appealed the trial court's resolution of the medical treatment issue and, therefore, we need not address it.

trial court also declined to award temporary disability benefits because Employee had not been totally disabled for a period of time sufficient to trigger the beginning of temporary total disability benefits and because any period of temporary partial disability was the result of his voluntary termination rather than his work injury. Employee appealed, and the record was received by the Clerk of the Workers' Compensation Appeals Board on September 1, 2015.

**Standard of Review**

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)   Violate constitutional or statutory provisions;
(B)   Exceed the statutory authority of the workers' compensation judge;
(C)   Do not comply with lawful procedure;
(D)   Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)   Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

**Analysis**

**A.**

Employee has elected to proceed pro se throughout the proceedings in the trial court and on appeal, which is his right. However, it is well-settled that self-represented litigants must comply with the same standards to which parties with legal counsel must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As one court has observed,

[p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between

3

fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Akard v. Akard*, No. E2013-00818-COA-R3-CV, 2014 Tenn. App. LEXIS 766, at \*11 (Tenn. Ct. App. Nov. 25, 2014) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Accordingly, appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel. To do so would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage," as the appellate court would essentially be acting as counsel for the unrepresented party. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at \*5 (Tenn. Ct. App. Aug. 12, 2015).

## B.

With the foregoing principles in mind, we turn to the sufficiency of the record on appeal. Tennessee law is clear that the appealing party is responsible for ensuring that an adequate record is prepared on appeal. As explained by one court,

[t]he appellant has the duty of preparing a record that conveys a fair, accurate and complete account of the proceedings in the trial court with respect to the issues on appeal. We are provided with only the trial court's findings of facts and conclusions of law rendered from the bench and the exhibits introduced at the trial of this cause, which include three doctor's depositions. We do not have a record of the lay testimony presented to the trial court. In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence.

*Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451, at \*6-7 (Tenn. Workers' Comp. Panel May 19, 2004) (citation omitted). *See also Jernigan v. Hunter*, No. M2013-01860-COA-R3-CV, 2014 Tenn. App. LEXIS 617, at \*5 (Tenn. Ct. App. Sept. 30, 2014) ("It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what has transpired in the trial court with respect to the issues that form the basis of the appeal.").

Further, including a transcript or statement of the evidence as part of the record on appeal promotes meaningful appellate review and, in turn, public confidence in the integrity and fairness of the process. As one court has observed, "[f]ull appellate consideration of a trial court's determination . . . is part of the process designed to achieve an accurate and just decision . . . ." *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 Tenn. App. LEXIS 546, at \*12 (Tenn. Ct. App. Aug. 16, 2000).

Indeed, "[w]ithout a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence . . . ." *Id.* at 7.

After conducting a hearing at which Employee testified, the trial court determined that there was sufficient evidence to establish he would likely succeed on the merits of his claim regarding his request for additional medical benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2014) ("[A] workers' compensation judge may . . . enter an interlocutory order upon determining that the injured employee would likely prevail at a hearing on the merits."). However, the trial court also determined that Employee had not presented sufficient evidence to support his claim for temporary disability benefits or the payment of unauthorized medical treatment at Vanderbilt.

We have been provided with no record of any testimony taken during the expedited hearing which, according to the trial court's order, was relied upon by the court to resolve the issues. Further, no statement of the evidence has been submitted. Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we presume that the trial court's decision was supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

## C.

Employee asserts in his notice of appeal that more than 200 pages of "documents/evidence" were "withheld" from the trial court during the expedited hearing. He also asserts that Employer engaged in fraudulent activities designed to deny him benefits to which he is entitled. In a document submitted with his notice of appeal, Employee also claims that Employer provided false information to his medical providers and to the Bureau. Further, he claims that his medical providers were negligent and falsified and destroyed pertinent medical records. However, the trial judge made no reference to any of these allegations, and there is no indication in the record that these issues were raised at the expedited hearing. Issues raised for the first time on appeal are waived. *Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *14 (Tenn. Workers' Comp. App. Bd. July 31, 2015). Thus, we refrain from addressing these contentions as they have not been properly preserved for review on appeal.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision. Further, the trial court's decision does not violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed. The case is remanded for any further proceedings that may be necessary.

_Marshall L. Davidson, III_

**Marshall L. Davidson, III**
**Presiding Judge**
**Workers' Compensation Appeals Board**